**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**


**DAVID L. TIMMONS**                                                    **PETITIONER**


**VS.**                        **CASE NO. 2:07CV00084 JLH/HDY**


**T.C. OUTLAW,**
**WARDEN, FCI FORREST**
**CITY, ARKANSAS**                                    **RESPONDENT**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

David Levert Timmons, is currently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas.  Mr. Timmons is serving a one hundred eighty eight month federal sentence for being a felon in possession of a firearm.  This sentence was imposed by the United States District Court, Southern District of Alabama.  In his petition, Mr. Timmons states that he was arrested in March of 2002 and entered a guilty plea in June of that year.  After entering his plea but prior to sentencing he claims he was surprised when the government informed him that it would seek enhancement of the sentence based upon petitioner's designation as an armed career criminal.  Mr. Timmons contends that he did not agree to plead guilty to being an armed career criminal but that the sentencing court nonetheless sentenced him accordingly.  The petitioner filed a motion pursuant

2

to 28 U.S.C. § 2255 with the trial court, arguing that the trial court erred in sentencing him to 15

years and 5 years supervised release.  The trial court denied relief on the section 225 petition.  Mr.

Timmons, for his sole ground for relief in the current petition, contends it is cruel and unusual

punishment to subject him to the 15 year sentence and the 5 year term of supervised release.  He

brings this claim pursuant to 28 U.S.C. § 2241.

A threshold issue must be addressed before the merits of the petitioner's claims are

considered: is a section 2241 petition the proper method for raising the arguments?  Typically,

section 2241 petitions address either the execution of a sentence or the conditions of confinement,

not the imposition of a sentence, which is properly challenged via a section 2255 petition.  *Cain v.*

*Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986).  An exception to the general rule exists, in that

section 2241 relief is available if it "appears that the remedy by motion is inadequate or ineffective

to test the legality of his detention."  28 U.S.C. § 2255.  Thus, the issue is whether section 2255 is

inadequate or ineffective to test the legality of the petitioner's conviction.

We are guided by the Eighth Circuit Court of Appeals decision in *United States v. Lurie*, 207

F.3d 1075 (8th Cir. 2000).  The petitioner in that case had entered a guilty plea, filed an untimely

section 2255 petition, and then filed a section 2241 petition claiming actual innocence.  The Court

considered whether section 2255 relief was inadequate or ineffective:

> While courts have not thoroughly defined what is meant by "inadequate or
> ineffective," recent cases from our sister circuits make clear that more is required
> than demonstrating that there is a procedural barrier to bringing a § 2255 motion. .
> . (citation omitted).  Specifically, the § 2255 motion is not inadequate or ineffective
> merely because § 2255 relief has already been denied . . . (citations omitted), or
> because petitioner has been denied permission to file a second or successive § 2255
> motion , . . . (citations omitted), or because a second or successive § 2255 has been
> dismissed, . . . (citation omitted), or because petitioner has allowed the one year
> statute of limitations and/or grace period to expire.

3

207 F.3d at 1077.  The Court further noted that the petitioner's claims, including actual innocence, could have been advanced in a timely § 2255 petition, and that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective.  *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

The petitioner contends he should be allowed to proceed via section 2241 because his challenge is not to the validity of the sentence but rather to the authority of the Bureau of Prisons ("BOP") to carry out the sentence.  He further reasons that the BOP cannot validly carry out the sentence because the sentence is cruel and unusual.  The question to be resolved, then, is whether Mr. Timmons is challenging the sentence itself, as imposed by the trial court, or merely the manner is which the BOP is executing the sentence.  It is clear that the challenge of the petitioner is to the sentence and its constitutionality.  He claims the sentencing court erred in sentencing him as an armed career criminal and, as a result, sentencing him to 15 years and to 5 years of supervised release.  While the BOP is charged with carrying out the sentence, the crux of the petitioner's claim is aimed squarely at the *imposition* of the sentence, not at the BOP's role in executing the sentence.  The petitioner is in error in claiming that his claim is an attack on the execution of the sentence.  As a result, his claim is not cognizable in a section 2241 petition.  Instead, the claim is one which must be brought pursuant to section 2255, unless Mr. Timmons can demonstrate that this remedy is inadequate or ineffective.  As noted in *Lurie, supra*, the prior denial of section 2255 relief does not establish that remedy as inadequate or ineffective.  Therefore, we find it is not proper to pursue relief via section 2241 with this Court.  The statute itself directs petitioners such as Mr. Timmons on the proper way to proceed.  Section 2255 provides that a second or successive petition must be certified

by the appropriate court of appeals[1].

Based upon the foregoing, we recommend that the petition for section 2241 relief be dismissed and the relief requested be denied.  Our ruling is without prejudice to the petitioner's ability to advance his claim in the Eleventh Circuit Court of Appeals as part of a request to certify a second or successive motion for relief pursuant to section 2255.

II IS SO ORDERED this ___7___ day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]Since Mr. Timmons was convicted in federal court in Alabama, the appropriate court of appeals is the Eleventh Circuit Court of Appeals.